FILED

United States District Court
Northern District of Alabama
Western Division

02 NOV 27 AM 11: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

| MICHAEL JACOBSON, | ] |
| --- | --- |
| Plaintiff(s), | ] |
| vs. | ] CV-02-N-1861-W |
| FIRST FAMILY FINANCIAL SERVICES, INC., | ] |
| Defendant(s). | ] |

ENTERED
NOV 27 2002

**Memorandum of Opinion**

### I.   Introduction

Before the court is the motion to dismiss of defendant First Family Financial Services, Inc.'s ("First Family") (Doc. No. 3), filed August 30, 2002. Specifically, First Family has moved the court to dismiss Counts I, II, III, IV, and V of the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and Counts II, III, and IV on limitations grounds. The issues have been briefed by all parties and are now ripe for decision. Upon due consideration, the motion to dismiss will be granted in part and denied in part.

### II.   Facts

Michael Jacobson ("Mr. Jacobson") alleges that during calendar year 1999 his daughter ("Ms. Jacobson") applied for credit from First Family to purchase furniture. To effectuate the sale, First Family's agent required her to complete and sign an application for credit. After reviewing the application, First Family informed Ms. Jacobson that credit would be granted only on the condition that she acquire a suitable person to co-sign the

credit documents. The plaintiff claims that Ms. Jacobson, acting on instruction of First Family's agent, signed his name to the credit application as a co-signer. After Mr. Jacobson's name was signed, First Family extended credit to Ms. Jacobson.

In or around June 2000, First Family allegedly contacted the plaintiff for the first time to inform him that his account with First Family was delinquent. Realizing that he had no account with First Family, Mr. Jacobson called his daughter to tell her about the call. She then made the account current by paying all delinquent amounts. This process continued over the next several months. Toward the end of 2000, Ms. Jacobson confessed to her father what she had done. She allegedly contacted First Family to ask them not to contact the plaintiff again. The defendant, however, continued to contact him.

Once he learned the reason he was receiving these calls, Mr. Jacobson informed First Family that he was not a signatory to the application for credit his daughter had signed and that he disputed the debt and owed them nothing. He also asked the defendant to send him copies of all the documents upon which it asserted Jacobson any claim against him.

Mr. Jacobson alleges that at some point during their conversations, First Family indicated to him that they would not assert any further liability if he would execute a fraud affidavit supporting his contention that he did not sign the application for credit on which he is shown as a co-signer. He informed the defendant that he would execute such an affidavit if they would provide him with copies of the credit documents showing his signature. The defendant never sent the documents and the plaintiff signed a fraud affidavit. Meanwhile, First Family continued to call Mr. Jacobson about his "delinquent" account.

Mr. Jacobson alleges that because the delinquent amounts have not been paid, First Family has made reports to credit reporting agencies, causing injury to his credit rating. As a result, he has been denied new credit and extensions of existing credit, causing him humiliation, embarrassment, anguish and distress.

By this action, the plaintiff seeks: (1) a declaratory judgment under Ala. Code § 6-6-220, *et seq.* that he is not liable to First Family (Count I); compensatory damages for the defendant's alleged negligence (Count II);, damages for intentional, reckless, and negligent misrepresentation (Count III); damages for fraudulent suppression (Count IV); and, damages for the violation of the Fair Debt Collection Practices Act (Count V). First Family filed a Motion to Dismiss on August 30, 2002, alleging that Counts I, II, III, IV, and V are due to be dismissed under Fed. R. Civ. P. 12(b)(6), and that Counts II, III, and IV are due to be dismissed because they are barred by the applicable statute of limitations.[1]

## III. Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conely v. Gibson*, 355 U.S.

---

[1] The court will address all of the claims for negligence and fraud. The statute of limitations applicable to fraud and negligence claims is two years. *See* Ala. Code § 6-2-38(l); *Potter v. First Real Estate Co., Inc.* 2002 WL 31002850 *4 (Ala. Sept. 6, 2002). Fraud and fraudulent suppression claims are subject to a "savings clause" which tolls the applicable statute of limitations until the claimant discovers or reasonably should have discovered the facts constituting the fraud. Ala. Code § 6-2-3; *Potter*, 2002 WL 31002850 *4. Defendant represented that it would forward the documents in late 2000. Plaintiff's claims thus arise from Defendant's conduct in late 2000, which is less than two years prior to the filing of the lawsuit. Because the events giving rise to plaintiff's claims occurred in late 2000, the statute of limitations did not begin to run until late 2000 and the claims therefore are not time-barred.

41, 45-46 (1957); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief"). For purposes of ruling on a motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc). This standard imposes an "exceedingly low" threshold on the nonmoving party in order to survive a motion to dismiss for failure to state a claim that reflects the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see also Brooks*, 116 F.3d at 1369 (providing that Rule 12(b)(6) motions are "viewed with disfavor and rarely granted"); Fed. R. Civ. P. 8(a)(2) (plaintiff is required to provide only "a short and plain statement showing that the pleader is entitled to relief").

## IV. Discussion

### A. Declaratory Judgment, Ala. Code § 6-6-220, et seq.

First Family has asserted and Mr. Jacobson has conceded that Ala. Code § 6-6-220, *et. seq.* is inapplicable in this case. (Doc. #6). Therefore, Count I is dismissed.

### B. Negligence

Plaintiff argues that defendant assumed a duty to provide the documents confirming the debt when it promised to do so, and that it was negligent when it subsequently failed to do so. "A duty, in negligence cases, may be defined as an obligation, to which the law

will give recognition and effect, to conform to a particular standard of conduct towards another." William L. Prosser and W. Page Keeton, Prosser and Keeton on the Law of Torts § 53 *Duty* (Lawyer's 5th ed., 1984). Plaintiff maintains that where one party volunteers to act, though under no duty to do so, he is charged with the duty of acting with due care and is liable for any negligence associated with those acts. *See Walden v. United States Steel Corp.*, 759 F.2d 834 (11th Cir. 1985); *Stauffer Chemical Co. v. Brunson*, 380 F.2d 174 (5th Cir. 1967); *Smith v. Atkinson* 771 So. 2d 429, 433 (Ala. 2000) (quoting *Dailey v. City of Birmingham*, 378 So. 2d 728, 729 (Ala. 1979)); *see generally* Michael L. Roberts and Gregory S. Cusimano, Alabama Tort Law § 1.1.5 *Negligence* (3rd ed. 2000) (noting the well-established premise).

Following plaintiff's logic, volunteering to take *any* kind of action on another's behalf would give rise to a legal duty to keep the attendant promise. Alabama law, however, does not support such an interpretation. In *Beasley v. MacDonald Engineering Co.,* the Alabama Supreme Court explained the history of the "voluntary undertaking" doctrine in some detail. 249 So. 2d 844, 846 (Ala. 1971). There, the court summarized the history and applied § 324 (a), Restatement (Second) of Torts which establishes that "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for *physical harm* resulting from his failure to exercise reasonable care." *Id.* (emphasis added). Courts in Alabama and in other jurisdictions have demonstrated reluctance to extend this doctrine absent *some* evidence of physical injury, breach of contract, statute, or common law recognition of a widely recognized tort. *See Armstrong*

*Business Serv., Inc. v. AmSouth Bank,* 817 So. 2d 665, 679 (Ala. 2001) (noting a duty can arise "based on a number of factors, including public policy, social considerations, and foreseeability of harm") (quoting *Smitherman v. McCafferty,* 622 So. 2d 322, 324 (Ala. 1993)). The plaintiff cites only to one remotely analogous case, *Smith v. Atkinson,* which held that there was a duty of care in cases involving evidence spoilation. 771 So. 2d 429 (Ala. 2000). In finding such a tort the court noted that courts have "long afforded redress for the destruction of evidence." *Id.* (quoting *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995)). Other cases cited by the plaintiff are similarly distinguishable. *See Martin by and through Martin v. Goodies Distribution,* 695 So. 2d 1175, 1179 (Ala. 1997) (finding that an ice cream vendor had a duty to protect children from traffic hazards); *Hertson v. Whitesell,* 374 So. 2d 267 (Ala. 1979) (holding that there might be a legally cognizable claim of neglience where defendant volunteered but subsequently failed to provide nuts to secure bars that eventually gave way).

The plaintiffs have provided no compelling evidence that Alabama recognizes the existence of a legally cognizable duty when a party volunteers to provide a credit report. Absent allegations of a breach of contract or proof of other compelling social policies which would give rise to such an obligation, the court declines to recognize such a duty in this case. Plaintiff encourages the court to "liberally construe the law." Liberally construing existing law, however, does not obligate, or even permit, the court to create new law.

In conclusion, the court finds that defendant's motion to dismiss is due to be granted because plaintiff has failed to establish that defendant owed it any legally cognizable duty to act in the plaintiff's as regards providing copies of the credit documents.

### C. Fraudulent Suppression

To establish a claim for fraudulent suppression, the plaintiff must prove "(1) the suppression of a material fact (2) that the defendant has a duty to communicate (3) because of a confidential relationship or because of the circumstances of the case and (4) injury resulting as a proximate consequence of the suppression." *Ex Parte Liberty Nat. Life Ins. Co.*, 797 So. 2d 457, 465 (Ala. 2001) (quoting *Ex parte Dial Kennels of Alabama, Inc.*, 771 So. 2d 419, 421 (Ala. 1999)); *Banks v. SCI Alabama Funeral Services, Inc.*, 801 So. 2d 20, 24 (Ala. Civ. App. 2001); *Allstate Ins. Co. v. Ware*, 824 So. 2d 739, 744 (Ala. 2002); *Richardson v. Liberty Nat. Life Ins. Co.*, 750 So. 2d 575, 578 (Ala. Civ. App. 1999); *see also* Ala. Code Ann. § 6-5-102 ("Suppression of a material fact which the party is under an obligation to communicate constitutes fraud."). In this case the defendant disputes the applicability of this cause of action because plaintiff knew he was not liable on the debt and because the plaintiff took no action in reliance on any of the defendant's representations. The court finds the first challenge to be sufficient grounds to grant the motion to dismiss.

In *Allstate Ins. Co. v. Ware*, 824 So. 2d 739, 745 (Ala. 2002), the Alabama Supreme Court found that there was no cause of action for fraudulent suppression where homeowner's read and understood an insurance policy. The court held that an action for fraud could lie where the parties were incompetent to understand the policy, but found that fraudulent suppression was not the proper cause of action when there was evidence of "plain disclosure." *Id; see also Richardson v. Liberty Nat. Life Ins. Co.*, 750 So. 2d 575, 578 (Ala. Civ. App. 1999) ("If one receives from a defendant documents that put him on notice

of the very facts alleged to have been suppressed, then the defendant cannot have suppressed those facts.").

In this case the plaintiffs allege that the defendants suppressed the fact that the plaintiffs were not obligated to make payments on the debt. Defendants argue that a fraudulent suppression claim is inappropriate where the plaintiff already knew that it did not have any obligations to the defendant on the debt. They point to the defendant's complaint which clearly establishes "[p]laintiff's daughter explained to Plaintiff that he continued to receive telephone calls from Defendant because she had signed his name as co-signer, to her application for credit." (Complaint, at ¶ 11). Thus, defendants contend, and the court agrees, it is clear that plaintiff had "plain disclosure." *Ware*, 824 So. 2d at 745. The plaintiff knew that he was not liable on the debt and he knew why he was not liable. Moreover, the court finds plaintiff's argument that "[it] could not have ascertained the true facts relevant to this matter without Defendant's assistance" to be without merit as well. (Doc. #6, at 7). The complaint clearly establishes that Mr. Jacobson *did* ascertain what really happened. The court is therefore inclined to agree with the defense that the plaintiff's claim defies logic; in fact reading the plaittiff's charge in his own words–that defendant "fraudulently suppressed the invalidity of the underlying debt" illustrates that there can be viable claim on this theory.

In conclusion the court finds that it is due to grant the defendant's motion to dismiss because the failure to confirm a debt that the plaintiff knew he did not owe does not constitute fraudulent suppression.

D.   **Fraudulent Misrepresentation**

Plaintiff alleges that the defendant intentionally, recklessly, or negligently represented to the plaintiff that the defendant would forward certain information to the plaintiff. Under Alabama law, a fraudulent misrepresentation claim requires a plaintiff to show (1) that the defendant made a false representation concerning a material fact; (2) which the defendant either knew was false or was made with reckless disregard to its truth or falsity; (3) which the plaintiff justifiably relied upon; and (4) damage to the plaintiff proximately caused by such reliance. *See e.g.*, *Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1311 (11th Cir. 2000); *Richardson v. Liberty National Life Ins. Co.*, 750 So. 2d 575 (Ala. 1999); *see also* Ala. Code Ann. § 6-5-102 (providing a cause of action for suppression of a material fact). Defendant alleges that it did not misrepresent a material fact and that plaintiff provided no evidence that it relied on any of its statements. The court will address each element in turn.

Where fraud relates to an event to occur in the future, or a promise to do something in the future, it is not an existing fact and the proper action is therefore promissory fraud.[2] In addition to the usual elements of fraud, promissory fraud requires proof that there be "an intention to deceive and intention not to perform the act promised." *National Security Insurance Co. v. Donaldson*, 664 So. 2d 871, 876 (Ala. 1995); *BellSouth Mobility, Inc. v. Cellulink, Inc.*, 814 So. 2d 203, 217-18 (Ala. 2001); *Gardner v. State Farm Mutual Automobile Ins. Co.*, 822 So. 2d 1202, 1209-10 (Ala. Civ. App. 2001). As with fraudulent misrepresentation,

---

[2]The court notes that although the complaint does not specifically say promissory fraud, it is sufficient to state a claim under Rule 9(b) of the Alabama Rules of Civil Procedure so long as the pleader uses more than "generalized or [conclusory] statements when setting out the allegations of fraud." *Anderson v. Clark*, 775 So. 2d 749, 752 n.5 (Ala. 2000) (quoting *Lyde v. United Ins. Co. of America*, 628 So. 2d 665 (Ala. Civ. App., 1993)).

the alleged misrepresentation must involve a material fact. As the court explained in *Crowne Investments, Inc. v. Bryant*, "A mere statement of opinion or prediction as to events to occur in the future is not a statement of "material fact" upon which individuals have the right to rely and, therefore, it will not support a fraud claim." 638 So. 2d 873, 877 (Ala. 1994).

Defendant characterizes the promise to forward documents as a "statement of opinion" or "prediction of future events." *Id.* Yet the promise to forward documents appears to include the very statement "promise" and the court agrees with the plaintiff that it is too early in the proceedings to determine whether there are fact questions for the jury regarding any such "promises.". *See Ex Parte Dial Kennels of Ala., Inc.*, 771 So. 2d 419, 421 (Ala. 1999) ("Whether the matter alleged to have been suppressed was a 'material fact' is a question for the jury.").

Defendant also argues that the plaintiff cannot prove that the defendant's suppression caused plaintiff to act or refrain from acting in any material way. *Liberty Nat. Ins. Co. v. Allen*, 699, So. 2d 138,142 (Ala. 1997); *Bedwell Constr. Co.*, 770 So. 2d 1076 at 1080-81; *Walker v. Norfolk Southern Railway*, 765 So. 2d 665, 670 (Ala. Civ. App. 2000). In *Boackle v. Bedwell Constr. Co.*, the court explained that to prove reasonable reliance, the plaintiff must provide facts sufficient to meet the proximate cause standard in the Alabama Jury Instructions. 770 So. 2d at 1081. The instructions read:

> "The proximate cause of an injury is the cause which is the natural and probable sequence of events, and without the intervention of any new and independent cause, produces the injury and *without which* such injury would not have occurred."

*Id.* (quoting Alabama Pattern Jury Instruction 33.00).

Plaintiff alleges that he "applied for credit from different sources ... [and] each time he was denied because of Defendant's continuing reports to credit reporting agencies, in spite of what Defendant knew or should have known to be an invalid debt." (Doc. #6, at 8). In essence, the plaintiff claims he applied for credit because the defendant promised to forward certain documents; or, in the alternative, that he did not take any measures to further clear his name because the defendant promised to provide the appropriate documentation. The court is highly skeptical that the plaintiff applied for credit increases because he expected defendant to forward confirmatory documentation. *Bedwell Constr. Co.*, 770 So. 2d 1076 at 1080-81. Plaintiff's claim is particularly dubious on all counts because the complaint suggests that there were conversations between the parties after this initial demand where plaintiff again attempted to "clear his name." (Complaint, at ¶¶ 15-16). Nevertheless, despite the many reasons the court has to dismiss the case, it is cognizant of the standard which requires that it be "beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (citations omitted). Accordingly, the court will deny defendant's motion to dismiss this claim.

> E. **Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq**

The defendant alleges that the plaintiff does not state a claim under 15 U.S.C. 1692 *et seq.* (the "Fair Debt Practices Act") because the defendant is not a third-party debt collector subject to the act. The Fair Debt Practices Act defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is to collect directly, or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Although this broad definition is subject to a number of exclusions, it specifically includes, "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id; Nielson v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002) (applying the "false name" exception to a creditor collecting its own debt where it gave the debtor a "false impression that someone other than [the original creditor] had become involved."); *see also Meads v. Citicorp Credit Serv., Inc.*, 686 F. Supp. 330, 333 (S.D. Ga 1988) (citing the statute).

The defendant argues that the "false name" exception is inapplicable in this case because the complaint does not allege that defendant is a third-party debt collector. In the complaint, however, the plaintiff alleges that the daughter purchased the sofa from Sofa Express. (Complaint, at ¶ 3). Collection efforts were apparently made by this defendant, leaving the impression that an entity other than Sofa Express was attempting to collect on the debt. *Nielson*, 307 F.3d at 634. Accordingly, the court finds that the plaintiff has stated a claim which should proceed past the 12(b)(6) phase.

## V. Conclusion

The court will enter contemporaneously an appropriate order in conformity with this memorandum of opinion.

Done, this 27th of November, 2002.

Edwin Nelson
United States District Judge